

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Kimberly K. Harding**
*Partner*
T 585-263-1037
kharding@nixonpeabody.com

1300 Clinton Square
Rochester, NY 14604-1792
585-263-1000



May 13, 2021

*Via CM/ECF and E-MAIL (Failla_NYSDChambers@nysd.uscourts.gov)*

Honorable Katherine P. Failla
U.S. District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, NY 10007

**RE: Joanna Leis v. Flag Communication US, LTD**
**Case No. 21-cv-350 (KPF)**

Dear Judge Failla:

Pursuant to this Court's January 20, 2021 (Dkt. No. 7) and April 27, 2021 (Dkt. No. 18) Orders, Plaintiff Joanna Leis ("Plaintiff") and Defendant Flag Communication US, Ltd. ("Defendant") (collectively the "Parties") submit this joint letter along with the Parties' Proposed Civil Case Management Plan and Scheduling Order in advance of the initial pretrial conference scheduled in the above-referenced matter for May 18, 2021, at 11:30 a.m. The Parties are in agreement on the Proposed Civil Case Management Plan and Scheduling Order and respectfully request that this Court adjourn the scheduled initial pretrial conference and allow the Parties to proceed directly to discovery.

Additionally, each of this Court's inquiries in its January 20, 2021 Order (Dkt. No. 7) are addressed herein:

**(i)** **Nature of the action**.

Plaintiff alleges that Defendant discriminated against her, including discriminatorily selecting her for furlough on the basis of her gender and caregiver status in violation of the New York City Human Rights Law ("NYCHRL"). Defendant denies the allegations and further asserts that Plaintiff was furloughed for a legitimate, non-discriminatory reason and that Plaintiff cannot establish that Defendant's reasons for her furlough were pretextual.

The major issues important to resolving the case are: (1) whether Defendant's reason for Plaintiff's furlough was legitimate and non-discriminatory; (2) whether Defendant's reason for Plaintiff's furlough was pretextual; and (3) whether Plaintiff's rejection of Defendant's offer to reinstate Plaintiff was reasonable.

Honorable Katherine P. Failla
May 13, 2021
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**(ii)** **Jurisdiction and venue**.

Plaintiff alleges that this Court has original jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1332 because Plaintiff's claims exceed the sum or value of $75,000, exclusive of interests and costs, and because the action is between citizens of different states. Plaintiff is a resident of New York, and Defendant is a corporation duly organized under the laws of the State of Delaware, with its principal place of business New York, New York.

Plaintiff further alleges that venue is proper under 28 U.S.C. § 1391(b) because the events underlying this action occurred within the Southern District of New York and because Defendant conducts business within the Southern District of New York.

**(iii)** **Existing deadlines**.

The only existing deadline in this matter is for the Parties to submit their pre-conference submissions on or before May 13, 2021 (*see* Dkt. No. 18) in advance of the initial pretrial conference scheduled for May 18, 2021, at 11:30 a.m. (*see id.*).

**(iv)** **Outstanding motions**.

There are currently no outstanding motions in this matter.

**(v)** **Description of discovery that has already taken place**.

The Parties have participated in the exchange of documents and information pursuant to this Court's Automatic Dispute Resolution program and Pilot Discovery Protocols for Counseled Employment Cases. *See* Dkt. No. 13.

**(vi)** **Status of settlement discussions**.

The Parties were automatically referred to mediation on March 18, 2021 (*see* Dkt. No. 13) and participated in an initial mediation on April 20, 2021. The Parties were unable to resolve this action through the initial mediation and do not believe a settlement conference would be helpful at this time.

**(vii)** **Other information that may assist the court in advancing this case**.

At this time, the Parties do not believe there to be any other information that may assist the Court in advancing this case to settlement or trial.

Honorable Katherine P. Failla
May 13, 2021
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Respectfully submitted,

| | |
|---|---|
| **NIXON PEABODY LLP** | **SCHWARTZ PERRY & HELLER LLP** |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |
| By: /s/ *Kimberly K. Harding* | By: /s/ *Davida S. Perry* |
| Kimberly K. Harding | Davida S. Perry |
| 1300 Clinton Square | 3 Park Avenue, Suite 2700 |
| Rochester, NY 14604 | New York, NY |
| (585) 263-1000 | (212) 889-6565 |
| kharding@nixonpeabody.com | dperry@sphlegal.com |

The Court understands that the parties wish to adjourn the initial pretrial conference pursuant to the Court's Individual Rule of Practice in Civil Cases 3.B. That application is GRANTED. The initial pretrial conference currently scheduled for May 18, 2021 is hereby ADJOURNED *sine die*. The parties are ORDERED to appear for a pretrial conference on September 14, 2021, at 10:00 a.m. in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. The Court will endorse the parties' proposed case management plan under separate cover.

Dated:   May 13, 2021
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE